**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Richard A. Conn, Jr., | ) | CASE NO. 1:09 CV 760 |
|         Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| Vladimir Zakharov, | ) | MEMORANDUM OPINION |
|         Defendant. | ) | |

This matter is before the Court on the Motion of Defendant Vladimir Zakharov to Dismiss the Complaint for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), or in the alternative, pursuant to the forum non conveniens doctrine, or pursuant to Fed. R. Civ. P. 12(b)(6) because the Complaint fails to state a claim upon which relief may be granted.  (ECF #9).

**FACTUAL BACKGROUND**

Plaintiff Richard Conn, Jr. Is a citizen of New York (Complaint, ¶5).  Defendant Vladimir Zakharov is a citizen of the Russian Federation who owns a home in Pepper Pike, Ohio and two automobiles registered in his name. (Complaint, ¶6).  Plaintiff's Complaint alleges a claim of breach of contract and seeks an accounting determining the value of a 15% ownership stake in the entities that own the new Rosinka projects that Plaintiff alleges that he is entitled to under the terms of his contract with Defendant.

Mr. Conn alleges that he moved to Russia in April of 1992  and opened the Moscow office of Latham & Watkins, a large international law firm. (Complaint, ¶11) Mr. Conn alleges that he became one of the first purchasers of a town-home at a new residential development

called Rosinka, which was developed by Oleg Zakharov, the Defendant's father. Mr. Conn further alleges that he and Oleg Zakharov became personal friends and that he began advising Oleg Zakharov on a variety of business and legal matters through Latham & Watkins from 1993 through 2004.(Complaint, ¶¶ 16, 18, 20)   After Defendant Vladimir Zakharov returned from his schooling in the United States and assumed responsibilities as his father's deputy, Mr. Conn worked with him on a variety of matters between 2004 and 2006. (Complaint, ¶ 21).

Mr. Conn left Latham & Watkins in October 2004 and became head of his own firm, Conn International Group, LLC ("CIG"), which raises capital for Russian related investment and brokers deals for parties in the U.S. and Russia.  Mr. Conn returned to the U.S. in 1995 but traveled frequently to Russia for business from 1995 through 2006. (Complaint, ¶ 15).

Oleg Zakharov died in 2006 and Defendant Vladimir Zakharov became head of the various companies established by Oleg Zakharov.  Beginning in July 2006, Plaintiff contends that he began negotiations with Defendant to join the Rosinka business as an owner and that meetings took place between the parties in Moscow and New York and that numerous telephone calls were made between Russia and Plaintiff's office in Washington D.C. (Complaint, ¶¶27-28)

Plaintiff alleges that the parties reached an agreement by email on or about October 3, 2006, wherein Plaintiff would receive a 15% ownership interest in new projects developed by Rosinka in exchange for moving to Moscow and agreeing to work in the Rosinka business. Plaintiff would also receive free accommodations at Rosinka. (Complaint, ¶ 34) Plaintiff further alleges that Defendant confirmed the understanding by email dated October 6, 2006, which attached the terms of their agreement.  That agreement provides that a separate structure would be established for the development of the new Rosinka projects and that Plaintiff would have a

15% ownership interest in those projects. Further, Plaintiff would receive a unit in a Rosinka complex and $20,000 per month salary. (Complaint, ¶36-37) Plaintiff asserts that he confirmed his understanding of the agreement by email dated October 9, 2006 in which he confirmed that he would be receiving 15% of the structure used to own the new developments, his move to Moscow, acceptance of the housing and the $20,000 per month salary. Plaintiff also confirmed that the agreement would be put into a more formal document over the next two to three months. (Complaint, ¶¶39-40)

Plaintiff and his wife moved into a free unit at Rosinka in Moscow on or about October 22, 2006. Plaintiff received his $20,000 per month salary, which was increased by Defendant to $40,000. Plaintiff also received a car and driver and became immersed full time in numerous projects related to the new developments. (Complaint, ¶¶45-49) In late January 2007, Plaintiff alleges that he asked Defendant to confirm their agreement in a more formal writing. At that point Defendant allegedly repudiated the agreement and terminated Plaintiff's salary. In December 2008, Plaintiff claims that he notified Rosinka that he intended to leave Rosinka and he returned to the United States in February, 2009. (Complaint, ¶¶50-51)

Plaintiff filed this action on April 2, 2009. Defendant has moved to dismiss the action on three grounds. Firstly, Plaintiff asserts that the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, and secondly, under the doctrine of forum non conveniens. Finally, Defendant argues that even if the Complaint survives the jurisdictional challenges, the Complaint fails to state a claim upon which relief may be granted and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). The parties have undertaken discovery on the jurisdictional issues and have exhaustively briefed the Motion. Further, the Court heard oral

argument from counsel on the Motion to Dismiss.  Accordingly, the Motion is now ready for decision.

## STANDARD OF REVIEW OF A MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

When personal jurisdiction is challenged, the plaintiff bears the burden of demonstrating that jurisdiction is proper. *Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir. 1991); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135, 1141 (1936).  The weight of the plaintiff's burden depends on whether the court chooses to rule on written submissions or to hear evidence on the personal jurisdiction issue. *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989).   If the court rules on written submissions alone, the plaintiff must make a prima facie showing that personal jurisdiction exists in order to defeat dismissal. *Theunissen*, 935 F.2d at 1458-1459. If an evidentiary hearing is held, the plaintiff is required to meet the preponderance of the evidence standard. *See Serras*, 875 F.2d at 1214. In the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleading but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction. *Theunissen*, 935 F.2d at 1458-1459; *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974).

To determine whether personal jurisdiction is proper in a diversity case, a district court must apply the law of the state in which it sits. *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993); *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980), cert. denied, 450 U.S. 981, 67 L.Ed.2d 816, 101 S.Ct. 1517 (1981).  An Ohio court can exercise personal jurisdiction over a defendant if: 1) personal jurisdiction is conferred by Ohio's Long Arm Statute, O.R.C. §

2307.382; and 2) the exercise of personal jurisdiction satisfies the Due Process requirements of the Fourteenth Amendment. *See Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 511 (6th Cir. 2006); *Nationwide Mut. Ins. Co. v. TRYG Int'l Ins. Co., Ltd.*, 91 F.3d 790 (6th Cir. 1996). Moreover, Ohio courts can exercise jurisdiction over a person who is a resident of Ohio, without the need to analyze whether the person is also subject to jurisdiction pursuant to Ohio's long arm statute. *Prouse, Dash & Crouch, LLP v. DiMarco*, 116 Ohio St. 3d 167, 168-69 (2007).

## DISCUSSION

In this case, Plaintiff asserts that personal jurisdiction attaches because Defendant is a resident of Ohio. In support of this contention, Plaintiff asserts that Defendant owns residential property in Pepper Pike, Ohio on which he pays property taxes and maintains property insurance.[1] Defendant has hired a property manager to manage the property. Additionally, Defendant has two cars at the home that are registered in his name, and subscribes to cable, utility and phone service at the home. Defendant spent 40 days at the home in 2007, but only a total of 17 days in 2008 and 2009. Defendant declares that he is not registered to vote in Ohio, does not have an Ohio driver's license, does not earn income in Ohio, and travels to Ohio on a visitor's visa. Further, Defendant declares that he spends very little time in Ohio and does not intend to make his visits more permanent. His intent is that the property is a vacation home.

In determining whether a defendant is a resident of the State of Ohio, the Ohio Supreme Court recognized that the term "resident" is not defined generally in the Revised Code. *DiMarco*, 116 Ohio St. 3d at 169. Rather, "resident" appears in many sections of the Ohio

---

[1] Apparently, this residence was transferred to Plaintiff's wife, although Defendant stays there when he is visiting Ohio.

Revised Code such as in the requirements to obtain a driver's license, or to register to vote, or to obtain residency status for the purpose of receiving in state tuition at Ohio colleges. The Court noted that the "case law, statutes, and rules are in accord that the intention of a person is a significant factor in determining where he or she legally resides." *Id*. at 170. In *DiMarco*, a Canadian law firm sued its client, Bruce DiMarco, an American citizen and his wife Yum, a Canadian citizen in Cuyahoga County, Ohio for unpaid legal fees. For many months prior to July 1999, DiMarco and Yum resided at 5810 Gilbert Avenue in Parma, Ohio. Mr. DiMarco transferred ownership of the Parma home to his wife Yum in July 2009. That same month, Mr. DiMarco left Ohio and went to Ontario Canada after learning that he was the subject of an SEC investigation. Yum hired the Prouse firm to represent Mr. DiMarco on several matters arising in Canada, including Canada's attempt to extradite him. The Prouse firm requested a mortgage on the Parma home in order to satisfy the large legal bills DiMarco owed them, but DiMarco declined to provide a mortgage. Thereafter, the law firm sought judgment against DiMarco and Yum in Cuyahoga County. The trial court granted prejudgment attachment against the Parma property and eventually entered judgment against DiMarco and Yum in the amount of $206,342.97. The Court of Appeals reversed holding that the trial court had no jurisdiction over DiMarco or Yum under Ohio's long arm statute. The Ohio Supreme Court accepted the discretionary appeal and determined that DiMarco was a resident of the State of Ohio and that the trial court had jurisdiction over him. The Court found that DiMarco had been a resident of Ohio for personal jurisdiction purposes prior to July 1999 based upon the fact that he had lived in the Parma house that his wife continued to own for many months prior to his flight; he had an Ohio driver's license and he and his wife were married in Ohio. Further, the Court found that his

flight to Ontario Canada did not change his resident status in Ohio because DiMarco's flight to avoid an SEC investigation did not manifest an intent to make his home in Canada.  DiMarco lived in Canada based upon a visitor's visa which only permitted him to live in Canada for six consecutive months at which point he would be required to return to the United States.  The Court reasoned that because DiMarco knew he could not remain in Canada permanently, he could not intend to remain in Canada permanently and intend to make Canada his home.[2]

Similarly, in this case there is no indication that Defendant intended to make Ohio his home.  Indeed, Defendant has stated that he had no intent to make Ohio his home and due to the fact that he visits Ohio on a visitor's visa, it would be impossible for Defendant to remain permanently in Ohio or for him to make Ohio his home.  Thus, under the tests set forth by the Supreme Court of Ohio in the DiMarco case, the Defendant in this action is not a resident of Ohio.  Accordingly, the Court must determine if personal jurisdiction is conferred in this instance by Ohio's long arm statute.

Pursuant to Ohio's Long Arm Statute "a court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's" specific actions taken in Ohio.  R.C. 2307.382(A).  The statute then lists nine ways in which a defendant may subject himself to the jurisdiction of Ohio courts.  However, as a threshold matter, the actions, whether transacting business in the state, causing tortious injury or having an interest in, using, or possessing property in this state, for example, must give rise to the cause of

---

[2] On remand the Court determined that it lacked personal jurisdiction over Yum, as her only nexus with Ohio under the long arm statute was ownership of the Parma house and only a cause of action arising from that property may be asserted against her.  See R.C. 2307.382(C).

action asserted. *See* R.C. 2307.382(C)*; General Acquisition, Inc., v. GenCorp Inc.*, 766 F. Supp. 1460 (S.D. Ohio 1990). Moreover, if the Ohio long arm statute does not provide a basis for the exercise of personal jurisdiction over the nonresident defendant, jurisdiction is unavailable even if the exercise of such would not violate due process. *Id*. at 1485; *Diebold, Inc., v. Firstcard Financial Services, Inc*., 104 F.Supp.2d 758, 762 (N.D. Ohio 2000); *Keybank Nat'l Ass'n v. Tawill*, 128 Ohio App. 3d 451, 456 (Ohio App. 8th Dist. 1998) (when court has determined that in personam jurisdiction does not exist under the long arm statute, it is unnecessary to determine whether jurisdiction would comport with due process of law.)

In this instance, the cause of action asserted by Plaintiff does not arise from any action that Defendant has taken in Ohio. Defendant has not transacted business in Ohio or caused a tortious injury in Ohio. There is absolutely no connection between the Plaintiff and Ohio or Plaintiff's causes of action and Ohio. The only connection to Ohio is Defendant's ownership of a vacation home in Ohio and the cause of action at issue here does not involve that home or property in any way. Accordingly, as Plaintiff's causes of action arose outside of Ohio, Plaintiff has not met his burden of establishing personal jurisdiction under Ohio's long arm statute. As Ohio's long arm statute does not provide a basis for the exercise of personal jurisdiction over the Defendant, there is no need to continue to the second step to determine if the exercise of such jurisdiction would comport with due process.

Alternatively, Plaintiff asserts that personal jurisdiction attaches in this instance under the *Burnham* precedent which states that a state court may obtain personal jurisdiction over a non-resident, who is personally served with process while temporarily in that state, in a suit unrelated to his activities in the state, without violation of due process. *Burnham v. Superior Court of Cal*.,

495 U.S. 604, 610, 615 (1990).[3] In this case Plaintiff sent the summons and complaint to Plaintiff's property in Pepper Pike by certified mail and it was accepted by Defendant's agent, a cleaning woman hired by Defendant's property manager. The property agent is then alleged to have given the summons and complaint to the Defendant at some later point in time. Defendant argues that he was not physically present in the forum state for service and that *Burnham* does not apply to cases in which service is made on an agent of a defendant who is not physically present in the forum state. *See Barnes v. Black*, 2004 WL 1176165 at *3 (W.D. Wis. 2004) (A party's agent is not a substitute for his "natural person."); *Jane Doe 1 v. Karadzic*, 1996 WL 194298 at *1 (S.D.N.Y. Apr. 22, 1996) (personal service of a summons and complaint on an individual personally present in a judicial district establishes personal jurisdiction over that person in that district.) While Plaintiff argues that service is complete upon receipt by certified mail by an agent, it does not support a finding of personal jurisdiction under *Burnham*. As *Burnham* is limited to the facts of that case, it should not be extended to permit jurisdiction over an individual based upon certified mail service upon an agent for that individual when that individual is not present in the state.

## CONCLUSION

For the reasons set forth above, the Court finds that it does not have personal jurisdiction over Defendant Vladimir Zakharov. Accordingly, Defendant's Motion to Dismiss the Complaint

---

[3] The Burnham decision is limited to its facts because no opinion received a majority. See *United States v. Martino*, 644 F.2d 860, 872 (2d Cir. 1981), cert denied, 458 U.S. 110 (1982). In *Burnham*, a New Jersey resident was personally served with a summons and divorce petition while in California to visit his children and for unrelated business. The Supreme Court held that exercise of personal jurisdiction based on personal service on defendant while he was in the state comports with due process.

for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) is granted.  Based on this finding, it is not necessary to consider the alternative bases for Defendant's Motion to Dismiss.  This action is terminated and all other motions currently pending are termed.

     IT IS SO ORDERED.


                                    *Donald C. Nugent*
                                    DONALD C. NUGENT
                                    UNITED STATES DISTRICT JUDGE

DATED:  April 5, 2010