UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD A. CONN, JR. | ) | CASE NO. 1:09 CV 0760 |
| | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| VLADIMIR ZAKHAROV | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant Zakharov's Motion for an Order Awarding Costs pursuant to Fed. R. Civ. P 54(d)(1) and 28 U.S.C. §1919 (ECF #69).

## Law and Analysis

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *Fed. R. Civ. P. 54(d)(1)*. "This language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Soberay Mach. & Equip Co. v. MRF Ltd.*, 181 F.3d 759, 770 (6th Cir. 1999) quoting *White & White, Inc. v. American Hospital Supply Corp.*, 789 F.2d 728, 730 (6th Cir. 1986).

28 U.S.C. §1920 sets forth the expenses that the Court may tax as costs:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

  (5) Docket fees under §1923 of this title;

  (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section §1828 of this title.

  Defendant Zakharov was the prevailing party in this action because his motion to dismiss for lack of personal jurisdiction was granted. Plaintiff Conn argued that costs cannot be awarded to the prevailing party pursuant to 28 U.S.C. §1919 if the case was dismissed for lack of personal jurisdiction. There is no Sixth Circuit precedent on this point, yet other districts have allowed payment of costs after the court dismissed the case for lack of personal jurisdiction. *Giddling v. Anderson*, 2008 U.S. Dist. LEXIS 95691, at *2 (N.D. Cal., Nov. 24, 2008). *See also, Lenahan Law Offices, LLC v. Hibbs,* 2004 U.S. Dist. LEXIS 30528, at *20 (W.D. NY Dec. 22, 2004) (directing the clerk to close the case with costs taxed to the losing party after court dismissed for lack of personal jurisdiction); *Rhyne v. Tenn. Farmers Mut. Ins. Co.,* 2008 U.S. Dist. LEXIS 42038, at *2 (N.D. Miss. May 28, 2008) (holding that the clerk did not err in allowing adjudication on the bill of costs when court dismissed due to lack of personal jurisdiction). Therefore, Defendant Zakharov's costs may be taxed even though the case was dismissed for lack of personal jurisdiction. Defendant Zakharov seeks $18,300.15 in costs in several categories.

## A. Fees of the Clerk

  Defendant Zakharov seeks to tax as costs $100.00 for a *pro hac vice* motion. In the Sixth Circuit, the cost of a *pro hac vice* motion is normally not allowed to the prevailing party. *See, Gallagher v. C.H. Robinson Worldwide, Inc.,* 2008 U.S. Dist. LEXIS 32473, at *3 (N.D. Ohio April 18, 2008) ("there is no Sixth Circuit decision, Judicial Conference statement or statutory provision expressly authorizing recovery by the winning party of the cost incurred in filing *pro*

*hac vice* motion"); *Vistein v. Am. Registry of Radiologic Technologists,* 2010 U.S. Dist. LEXIS 21762, at *13 (N.D. Ohio, March 10, 2010) quoting *Abrams v. Van Kampen Funds, Inc.,* 2006 U.S. Dist. LEXIS 6778, at *14-15 (ND Ill. Feb. 21, 2006) (holding that *pro hac vice* fee is not recoverable as cost because "it is the attorney's choice as to where to seek admission and where to practice"). Accordingly, Defendant Zakharov's request to tax the *pro hac vice* fee is denied.

**B. Fees for Deposition Transcripts**

Defendant Zakharov seeks to tax as costs $2,634.85 for printed or electronically recorded transcripts necessarily obtained for use in the case under §1920(2). "[T]he costs of taking and transcribing depositions reasonably necessary for the litigation ordinarily are allowed to the prevailing party." *J-Way Leasing, Ltd v. Am. Bridge Co.,* 2010 U.S. Dist. LEXIS 19390, at * 4 (N.D. Ohio March 4, 2010). "The burden of initially identifying which particular deposition costs are unreasonable and unnecessary is on the party challenging the award of costs." *Hartford Fin. Servs. Group v. Cleveland Pub. Library,* 2007 U.S. Dist. LEXIS 22528, at *13 (N.D. Ohio Mar. 28, 2007). Then the burden shifts to the prevailing party to show "why a particular deposition was taken, why the testimony was necessary, or why it was reasonably anticipated that the deposition would be used." *Id.* at *14 quoting *BDT Prods. v. Lexmark Int'l, Inc.,* 405 F.3d 415, 420 (6th Cir. 2005).

Plaintiff Conn objects to almost all of the deposition transcript costs that Defendant Zakharov seeks. Plaintiff Conn does not object to $173.90 for the deposition transcript of Bernard Kest. However, Plaintiff Conn does object to $512.00 for the deposition transcript of Defendant Zakharov, $529.30 for the deposition transcript of Peter Maggs, Defendant Zakharov's expert, $905.25 for the deposition transcript of Ethan Berger, Plaintiff Conn's expert, and $514.50 for the deposition transcript of Maria Grechishkina, Plaintiff Conn's expert. Plaintiff

Conn objects to the costs of Defendant Zakharov's and Peter Magg's transcripts on the grounds that they are unnecessary because Defendant Zakharov does not require the transcript of his own deposition or that of his expert. Plaintiff Conn objects to the costs of deposition transcripts of Ethan Berger and Maria Grechishkina because the transcripts were used for the motion to dismiss for *forum non conveniens* on which the Court did not rule.

In order for Defendant Zakharov to tax the costs of his or Peter Magg's deposition transcript, Defendant Zakharov must show that the transcripts were "necessarily obtained" and not only for "preparation" or "convenience" of counsel. *J-Way,* 2010 U.S. Dist. LEXIS 19390, at *7. Defendant Zakharov has shown that the deposition transcripts were critical to his motions and briefs. Therefore, $512.00 for the deposition transcript of Defendant Zakharov and $529.30 for the deposition transcript of Peter Maggs is granted.

Even though the deposition transcripts of Ethan Berger and Maria Grechishkina were used for the motion to dismiss for *forum non conveniens* on which this Court did not rule, according to the Sixth Circuit, "not every deposition taken must be used during trial to be taxable under *§1920.*" *J-Way,* 2010 U.S. Dist. LEXIS 19390, at *5. "[W]hether its cost may be taxed generally is determined by deciding if the deposition reasonably seemed necessary at the time it was taken...[t]his principle holds true even when the deposition deals with an issue which subsequently becomes moot." *Baker v. First Tenn. Bank Nat'l Ass'n,* 1998 U.S. App. LEXIS 5769, at *10-11 (6th Cir. Tenn. March 19, 1998). Defendant Zakharov has met his burden that the depositions of Ethan Berger and Maria Grechishkina seemed reasonably necessary at the time taken because Federal Rules of Civil Procedure 12(g) forced Defendant Zakharov to file all available Rule 12 motions to the Court at the same time. Therefore, $905.25 for the deposition transcript of Ethan Berger, and $514.50 for the deposition transcript of Maria Grechishkina is

granted.

### C. Exemplification and Photocopying Costs

Defendant Zakharov seeks to tax as costs $489.10 for exemplification and photocopying costs necessarily obtained for use in the case under §1920(4). Plaintiff Conn objects to the photocopying costs because Defendant does not specify the nature of the copying. "The Sixth Circuit has cautioned . . . that a court should not "rubber stamp" a party's request for reproduction costs. Rather, it should investigate the requested costs for necessity and reasonableness." *J-Way*, 2010 U.S. Dist. LEXIS 19390, at *9 (N.D. Ohio March 4, 2010). "The burden is on the party seeking reimbursement for costs to show that the copies were necessary for use in the case." *Hartford*, 2007 U.S. Dist. LEXIS 22528, at *22 citing *Charboneau v. Severn Trent Labs.*, 2006 U.S. Dist. LEXIS 16877, at *4 (W.D. Mich. 2006). Defendant Zakharov has not provided information about the nature of the copying or why the costs were necessary. Accordingly, Defendant Zakharov has failed to meet his burden of proof and his request for $489.10 in exemplification and photocopying costs is denied.

### D. Compensation for Translators

Defendant Zakharov seeks $15,106.20 for translation costs pursuant to 28 U.S.C. §1920(6). Plaintiff Conn argued extensively that the costs were unnecessary. The Sixth Circuit has held that costs related to translation, compared to interpretation, fall under §1920(6) even though translation is not specifically listed in the statute. *BDT Prods v. Lexmark Int'l. Inc.*, 405 F.3d 415, 419 (6th Cir. 2005). However, Defendant Zakharov failed to address why such excessive translation costs were necessary in this case, therefore his request is denied.

### E. Conclusion

For the reasons set forth above, Defendant Zakharov's Motion for an Award of Costs is

granted in the revised amount of $2,634.85.

| Category | Amount Requested | Amount Awarded |
|---|---|---|
| Fees of the Clerk | $100.00 | $0 |
| Fees for printed or electronically recorded transcripts | $2,634.85 | $2,634.85 |
| Fees for exemplification and the costs of copies | $489.10 | $0 |
| Compensation of translators | $15,106.20 | $0 |
| Total | $18,330.15 | $2,634.85 |

IT IS SO ORDERED

_____
DONALD C. NUGENT
United States District Judge

DATED: June 4, 2010